# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, INTERSIL AMERICAS, INC., a Delaware corporation and INTERSIL CORPORATION, a Delaware corporation<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>POWER INTEGRATIONS, INC., a Delaware corporation.<br>　　　　　Defendant | 2:06cv-151 (TJW)<br><br>**POWER INTEGRATIONS, INC.'S ANSWER**<br><br>**JURY TRIAL DEMANDED** |

## POWER INTEGRATIONS, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Power Integrations, Inc. ("Power Integrations") hereby responds to the Amended Complaint of Fairchild Semiconductor Corporation (hereinafter, "Fairchild"), Intersil Americas, Inc. (hereinafter, "Intersil Americas") and Intersil Corporation, (hereinafter, "Intersil") (collectively, "Plaintiffs").

Power Integrations denies each and every allegation contained in the Amended Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Power Integrations denies that Plaintiffs are entitled to the relief requested or any other.

## THE PARTIES

1.　　On information and belief, Power Integrations admits the allegations of Paragraph 1 of the Amended Complaint.

2.     On information and belief, Power Integrations admits the allegations of Paragraph 2 of the Amended Complaint.

3.     On information and belief, Power Integrations admits the allegations of Paragraph 3 of the Amended Complaint.

4.     Power Integrations admits that it is a Delaware corporation having a principal place of business in San Jose, California.

## JURISDICTION AND VENUE

5.     In response to Paragraph 5 of the Amended Complaint, Power Integrations admits that the Amended Complaint purports to state a cause of action under the patent laws of the United States, Title 35 U.S.C. § 1 *et seq.*, and that this Court has subject matter jurisdiction over patent cases pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Power Integrations denies the remaining allegations of Paragraph 5 of the Amended Complaint.

6.     Power Integrations admits this Court has personal jurisdiction over Power Integrations.  As Plaintiffs have yet to identify any accused devices, though, Power Integrations lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 6 of the Amended Complaint, and therefore denies those allegations.

7.     Power Integrations denies the allegations of Paragraph 7 of the Amended Complaint; Fairchild lacks standing to sue Power Integrations, and venue is not proper in this District because the parties are already litigating the technology raised in the Amended Complaint in another case in the District of Delaware, C.A. No. 04-1371 JJF.  Plaintiffs did not comply with Local Rule SV-42(a) when they failed to identify the Delaware litigation as a related case on the Civil Cover Sheet filed in this matter, but Power Integrations is moving concurrently to dismiss or transfer this matter to Delaware.

## CAUSES OF ACTION

8.     In reply to paragraph 8 of the Amended Complaint, Power Integrations realleges Paragraphs 1 through 7 above, as though fully set forth herein.

9.  Power Integrations admits that U.S. Patent No. 5,264,719 (the "'719 Patent") is entitled "*High Voltage Lateral Semiconductor Device*," that the '719 patent indicates on its face that it issued on November 23, 1993, and that the '719 patent indicates on its face that it was assigned to Harris Corporation. Otherwise, Power Integrations lacks sufficient knowledge to admit or deny the allegations of Paragraph 9 of the Amended Complaint, and therefore denies those allegations.

10. Power Integrations lacks sufficient knowledge to admit or deny the allegations of Paragraph 10 of the Amended Complaint, and therefore denies those allegations.

11. Power Integrations lacks sufficient knowledge to admit or deny the allegations of Paragraph 11 of the Amended Complaint, and therefore denies those allegations.

12. Power Integrations lacks sufficient knowledge to admit or deny the allegations of Paragraph 12 of the Amended Complaint, and therefore denies those allegations.

13. Power Integrations specifically denies that Fairchild has the right to assert the '719 patent against Power Integrations. Otherwise, Power Integrations lacks sufficient knowledge to admit or deny the allegations of Paragraph 13 of the Amended Complaint, and therefore denies those allegations.

14. Power Integrations specifically denies that Fairchild has the right to assert the '719 patent against Power Integrations. Otherwise, Power Integrations lacks sufficient knowledge to admit or deny the allegations of Paragraph 14 of the Amended Complaint, and therefore denies those allegations.

15. Power Integrations denies the allegations in Paragraph 15 of the Amended Complaint.

16. Power Integrations denies the allegations in Paragraph 16 of the Amended Complaint.

17. Power Integrations denies the allegations in Paragraph 17 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

18. In addition to any affirmative defenses described below, Power Integrations specifically reserves the right to allege any additional affirmative defenses as they become known through the course of discovery.

### First Affirmative Defense
### (Non-Infringement)

19. Power Integrations does not infringe and has not infringed (literally, under the doctrine of equivalents, contributorily, or by inducement) any valid and enforceable claim of the '719 patent.

### Second Affirmative Defense
### (Invalidity)

20. The '719 Patent is invalid because each fails to satisfy the conditions for patentability specified in Title 35 of the United States Code, including but not limited to sections 102, 103 and 112.

### Third Affirmative Defense
### (Unenforceability-Estoppel)

21. Plaintiffs are barred by the doctrine of equitable estoppel from enforcing the '719 Patent against Power Integrations.

### Fourth Affirmative Defense
### (Unenforceability-Unclean Hands)

22. Plaintiffs are barred by Plaintiffs' unclean hands from enforcing the '719 Patent against Power Integrations.

### Fifth Affirmative Defense
(**Unenforceability-Laches**)

23. Plaintiffs are barred by the doctrine of laches from enforcing the '719 Patent against Power Integrations.

### Sixth Affirmative Defense
(**Unenforceability-Patent Misuse**)

24. Plaintiffs' claims against Power Integrations are barred by Plaintiffs' patent misuse.

WHEREFORE, Power Integrations prays for judgment as follows:

1. That Plaintiffs' Amended Complaint be dismissed with prejudice;

2. That Plaintiffs take nothing by reason of their Amended Complaint;

3. That the '719 Patent, and all of its claims, be adjudged and declared invalid, unenforceable, and not infringed by Power Integrations;

4. That Plaintiffs, and all persons acting on their behalf or in concert with them, be permanently enjoined and restrained from charging, orally, or in writing that the '719 Patent is infringed by Power Integrations, directly or indirectly;

5. That the Court find this action exceptional under 35 U.S.C. § 285 and award Power Integrations its costs, expenses and reasonable attorney fees incurred as a result of this action; and

6. That Power Integrations be awarded such other and further relief as the Court may deem appropriate.

### JURY DEMAND

Power Integrations demands a trial by jury of any issues triable of right by a jury.

Dated: June 19, 2006

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Michael E. Jones*
    Michael E. Jones
    State Bar No. 10929400
    mikejones@potterminton
    POTTER MINTON
    A Professional Corporation
    110 N. College, Suite 500
    Tyler, TX 75702
    Telephone: (903) 597-8311
    Facsimile: (903) 593-0846

OF COUNSEL
Frank E. Scherkenbach
Scherkenbach@fr.com
FISH & RICHARDSON
225 Franklin Street
Boston, MA 02110-2804
Tel: 617-542-5070
Fax: 617-542-8906

Attorneys for Defendant
POWER INTEGRATIONS, INC.

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 19, 2006.  Any other counsel of record will be served by facsimile transmission and first class mail.

                                                  */s/ Michael E. Jones*  
                                                  Michael E. Jones