UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, INTERSIL AMERICAS, INC., a Delaware corporation, and INTERSIL CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Defendants. | C.A. No. 2-06CV-151 JTW<br><br>Jury |

### POWER INTEGRATIONS' REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER THIS CASE TO DELAWARE

Fairchild and Intersil's opposition to Power Integrations' Motion to Dismiss or Transfer ("Opposition") is long on rhetoric and short on common sense. In Delaware, Fairchild says the '719 patent at issue in this case is the same as the '075 patent asserted in Delaware. That invalidity argument is Fairchild's primary defense in Delaware, where the court is educated in the technology and invested in the case. If there were ever a case of a belated, unnecessary filing, Fairchild's Texas case is it. No one ever suggested this Court does not have jurisdiction, or that this Court is not a perfectly fine place to litigate a patent case, but that is not the issue at hand. This Court has consistently transferred cases where a prior action involved the same real parties in interest and substantially the same issues. Despite Plaintiffs' best efforts to obscure the facts, that is the situation here.

**A.      Intersil's Alleged Standing Does Not Moot Power Integrations' Motion.**

Most of the Opposition emphasizes that Fairchild has exclusive rights against Power Integrations – exclusive "even as to Intersil." *See, e.g.*, Opposition at 4-6. To make this point, Plaintiffs quote the relevant language from the license, *id.*, and they further argue that Fairchild is the real party in interest in this case. *Id.* at 13. If that is the case, though, Intersil has no rights against Power Integrations, both in form and in substance, and it therefore cannot maintain any sort of action against Power Integrations. Because Intersil has no standing to sue Power Integrations, with or without Fairchild, the addition of Intersil as a party cannot be sufficient to moot the motion at hand.

**B.      Power Integrations Did Not Misstate the Standard for Standing.**

Fairchild does not have standing in this case—even as a co-plaintiff with the patentee. There is no case stating that a party with rights limited in the manner of Fairchild's – i.e., having the right only to pursue a single target – has standing of any kind, even as a co-plaintiff. If there were any such law, the Court can be certain that Fairchild and Intersil would have cited it. They did not, and that failure is fatal to Plaintiffs' argument.

Moreover, the fact that Fairchild and Intersil chose to draft their license such that neither can presently sue Power Integrations is their problem, not Power Integrations'. Plaintiffs suggest this cannot be the law, Opposition at 6, but they again provide no authority for their assertion. The standing requirements are clear, and parties can choose to satisfy them or not. Fairchild and Intersil have not provided any reasons or basis upon which the Court might fix the problem, and the Court should decline do so.

**C. To the Extent the Court Does Not Dismiss This Case, It Should Transfer the Case to Delaware.**

This case is a simple slap-back suit that involves the same subject matter as the earlier-filed Delaware case. To whatever extent the Court does not believe the problems with the license as drafted are fatal to the instant suit, it should transfer the case to Delaware.

**1. The Issues and Witnesses in this Case Will Significantly Overlap with the Delaware Case.**

Plaintiffs' failure to engage on Power Integrations' primary argument – that Fairchild's validity defense in the Delaware case turns on who was first to invent the subject matter of the '719 patent – shows that transfer is wholly proper in this context. The fact that Fairchild waited so long to file this case is irrelevant; if anything, it underscores how wasteful it would be to start litigating the same issues in Texas at this point.

Plaintiffs' assertion that their Texas cases involves "entirely different parties and issues" (e.g., page 6 and footnote 8) is demonstrably false. First, Plaintiffs inexplicably argue that the Delaware case involves "two different Fairchild entities," Opposition at 7, but there is no dispute that Fairchild Semiconductor Corporation – the real party in interest – is involved in both suits. *See* Ramsey Decl. re Opposition at ¶¶ 8-9 and Exhibit 9. Second, the core validity issue for both the '075 patent asserted in Delaware and the '719 patent in this matter – who invented the common subject matter first – is the same in both cases. *See* Power Integrations' Opening Brief at 8-9. In fact, the alleged common subject matter in these two patents is Fairchild's core argument in both cases. Trying to avoid this simple fact by directing the Court to the Delaware answer and counterclaims, rather than to the issues as already developed in discovery and as they will in fact be presented at trial, will not make it go away. In short, Plaintiffs have no principled response to the fundamental point on which this motion turns.

Plaintiffs are also incorrect with respect to the products in question, as the products in fact overlap. Although Fairchild has yet to accused any specific products of infringement, the Power Integrations products that will be accused of infringement in this Texas case are no doubt the products that practice the '075 patent asserted in the Delaware case, and Power Integrations will be putting on evidence of those products at trial to show commercial success of the '075 patent. Conversely, the Fairchild products that infringe the '075 patent (which will also, obviously, be explored in detail at the first Delaware trial) will be among the products Plaintiffs no doubt rely on in Texas to show their own commercial success. Every coin has two sides, and this is no exception.

### 2.     Delaware Is More Convenient and Will Be More Efficient in this Case.

Plaintiffs' convenience analysis is nonexistent. Plaintiffs identify no witness in Texas, just as Power Integrations predicted. *See* Power Integrations' Opening Brief at 12. There may be a single prosecuting attorney in Florida, but no one has suggested the prosecuting attorney would be a trial witness, so that is beside the point. Notably, Plaintiffs are careful to avoid naming "the '719 inventor" – Jim Beasom – because the reality there is that he is a paid consultant to Plaintiffs who will travel wherever they ask. In fact, Mr. Beasom has already been listed on Fairchild's trial witness list in the Delaware matter. *See* Declaration of Mike Jones ("Jones Decl.") Ex. I. As such, the witness factors do not favor Texas. As for parties, the caption to Plaintiffs' Opposition shows that all three are Delaware corporations, and Fairchild's Maine operations are far closer to Delaware than to Texas, additional factors that favor the Delaware action.

As for Plaintiffs' "staggering inefficiencies" argument, Opposition at 13, the mere pendency of the two suits has already demonstrated where the true inefficiency lies. Rather than

waiting for the October and December trials to decide the core issue in common – who was first to invent the subject matter of the '075 patent – Plaintiffs seek to maintain a parallel case in Texas.  Then, rather than have the Delaware Court decide what to do with what remains (if anything) of the '719 case when it is already completely familiar with the substantive issues, Plaintiffs want to ask another, already overburdened, Court to start over.  That simply cannot be anyone's definition of "efficient."

As a last-ditch effort, Plaintiffs present a real party in interest argument that contradicts what they said elsewhere in their opposition.  Although most of Plaintiffs' brief makes the point that Fairchild (the same Fairchild as in the Delaware case) is the real party in interest here, for the transfer argument, Plaintiffs flip-flop and say that **Intersil** is the real party in interest.  Opposition at 13.  This inconsistency is fatal to the instant motion, as it reveals the utter lack of substance to Plaintiffs' position.

The Court should therefore grant Power Integrations' Motion to Dismiss or, in the alternative, transfer this case to Delaware for Judge Farnan to address in light of the current dispute between Fairchild and Power Integrations.

Dated:  August 2, 2006                                   Respectfully submitted,

|  |  |
|---|---|
|  | By: */s/ Michael E. Jones* |
| OF COUNSEL | Michael E. Jones |
|  | State Bar No. 10929400 |
|  | mikejones@potterminton.com |
| Frank E. Scherkenbach | POTTER MINTON |
| Fish & Richardson P.C. | A Professional Corporation |
| 225 Franklin Street | 110 N. College, Suite 500 |
| Boston, Massachusetts 02110-2804 | Tyler, TX  75702 |
| Telephone: (617) 542-5070 | Telephone:   (903) 597-8311 |
| Facsimile:  (617) 542-8906 | Facsimile:    (903) 593-0846 |
|  |  |
|  | Attorneys for Defendant |
|  | POWER INTEGRATIONS, INC. |

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 2, 2006. Any other counsel of record will be served by facsimile transmission and first class mail on this date.

                                                 */s/ Michael E. Jones*
                                                 Michael E. Jones

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, INTERSIL AMERICAS, INC., a Delaware corporation, and INTERSIL CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br>v.<br><br>POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Defendants. | C.A. No. 2-06CV-151 JTW<br><br>Jury |

### DECLARATION OF MICHAEL E. JONES IN SUPPORT OF POWER INTEGRATIONS' REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER THIS CASE TO DELAWARE

I, Michael E. Jones, hereby state that I am over 21 years of age and make this declaration based upon my personal knowledge and/or information and belief:

1. I filed a Notice of Appearance in this case on April 21, 2006. I am counsel for the Defendant, Power Integrations, Inc.

2. Attached hereto as Exhibit "I" is a true and correct copy of Exhibit 9, Defendants' Witness List provided by Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp in the Delaware action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this 2nd day of August, 2006.

*[signature]*

# EXHIBIT 9

## Defendants' Witness List

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. may call one or more of the following witnesses in its case in chief as a live witness. Fairchild reserve the right to have the witness testify through deposition:

| Name | Address |
| --- | --- |
| James D. Beasom | James D. Beasom<br>506 South Wildwood Ln<br>Melbourne FL  32904-2562 |
| Thomas Beaver | Fairchild Semiconductor Corporation<br>82 Running Hill Road<br>South Portland, ME 04106 |
| Robert Conrad | Fairchild Semiconductor Corporation<br>82 Running Hill Road<br>South Portland, ME 04106 |
| Peter Gwozdz<br>*Fairchild's Expert Witness*<br>Specialty – Semiconductor processes and structures. | College of Engineering<br>San Jose State University<br>San Jose CA 95192 |
| Paul Horowitz<br>*Fairchild's Expert Witness*<br>Specialty – Electronic circuit design, including PWM devices. | Harvard, FAS Department of Physics<br>Lyman Lab 225<br>19 Oxford St<br>Cambridge MA 02138 |
| KO Jang | Fairchild Korea Semiconductor Ltd.<br>(420-711) 82-3 Todang-Dong<br>Wonmi-District<br>Bucheon City, Kyonggi Province<br>Korea |
| C.K. Jeon | Fairchild Korea Semiconductor Ltd.<br>(420-711) 82-3 Todang-Dong<br>Wonmi-District<br>Bucheon City, Kyonggi Province<br>Korea |
| Michael Keeley<br>*Fairchild's Expert Witness*<br>Specialty – Economics, including patent damages. | Cornerstone Research<br>1000 El Camino Real<br>Menlo Park, CA 94025 |
| Bob Moore | Bob Moore<br>143 Dickinson St. NE<br>Palm Bay, FL  32907 |

| Robert Morrill | Sidley, Austin, Brown & Wood LLP<br>555 California Street<br>Suite 2000<br>San Francisco, CA 94104 |
| --- | --- |
| John Prentice | Conexant<br>2401 Palm Bay Rd., NE<br>Bldg. 62, Mail Stop B017<br>Room B294<br>Palm Bay, FL  32905 |
| Stephen Schott | Fairchild Semiconductor Corporation<br>82 Running Hill Road<br>South Portland, ME 04106 |
| Gu-Yeon Wei<br>*Fairchild's Expert Witness*<br>Specialty – Electronic circuit design, including PWM devices. | Harvard, FAS Department of Physics<br>Lyman Lab 225<br>19 Oxford St<br>Cambridge MA 02138 |

In addition, Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. may call one or more of the following witnesses to testify via deposition. Fairchild reserves the right to have them testify as a live witness:

> Fairchild will provide this identification along with its deposition designations according to the schedule agreed to by the parties.

US_WEST:260025415.1