IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

REDACTED

FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, INTERSIL AMERICAS, INC., a Delaware corporation, and INTERSIL CORPORATION, a Delaware corporation,

Plaintiffs,

v.

POWER INTEGRATIONS, INC., a Delaware corporation,

Defendant.

C.A. No. 07-187 (JJF)

**CONTAINS CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER**

**FILED UNDER SEAL**

**DECLARATION OF KYLE WAGNER COMPTON IN SUPPORT OF POWER INTEGRATIONS, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

I, Kyle Wagner Compton, declare as follows:

1. I am an Associate with Fish & Richardson P.C., counsel for Defendant Power Integrations, Inc. ("Power Integrations"). I make the following statements based on personal knowledge, except where noted.

2. Attached hereto as Exhibit A is a true and correct copy of the Jury Verdict entered in the matter of *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp.*, C.A. No. 04-1371-JJF, on October 10, 2006.

3.

4.

Corp. and Intersil Corp. dated March 16, 2001, bearing production numbers FCS1685986 – FCS1685992.

5. Attached hereto as Exhibit D is a true and correct copy of the redacted Patent License Agreement between Fairchild Semiconductor Corp. and Intersil Corp. dated March 30, 2006, bearing production numbers I 000704 – I 000709, as produced by counsel for Intersil in the matter of *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp.*, C.A. No. 04-1371-JJF.

6. Attached hereto as Exhibit E is a true and correct copy of a Fairchild Semiconductor press release dated April 11, 2006.

7. Attached hereto as Exhibit F is a true and correct copy of the Supplemental Agreement between Fairchild Semiconductor Corp., Intersil Corp., and Intersil Americas, Inc. dated May 18, 2006, bearing production number I 000703.

I declare under penalty of perjury that the foregoing is true and accurate.

Executed this 7th day of September, 2007, in Wilmington, Delaware.

*/s/ Kyle Wagner Compton*
Kyle Wagner Compton

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2007, I served the DECLARATION OF KYLE WAGNER COMPTON IN SUPPORT OF POWER INTEGRATIONS, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS on the following counsel of record ad the address and in the manner indicated.

**BY HAND DELIVERY**
Steven J. Balick, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

Attorneys for Plaintiffs
FAIRCHILD SEMICONDUCTOR CORPORATION, INTERSIL AMERICAS, INC., and INTERSIL CORPORATION

**BY EMAIL AND FEDERAL EXPRESS**
G. Hopkins Guy, III, Esq.
Vickie L. Feeman, Esq.
Bas de Blank, Esq.
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025

Attorneys for Plaintiffs
FAIRCHILD SEMICONDUCTOR CORPORATION, INTERSIL AMERICAS, INC., and INTERSIL CORPORATION

**BY FEDERAL EXPRESS**
Michael Shore
Jeffrey R. Bragalone
SHORE CHAN, LLP
325 North St. Paul, Suite 4450
Dallas, Texas 75201

Attorneys for Plaintiff,
INTERSIL CORPORATION

Kyle Wagner Compton

80047998.doc

# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

filed in open Court 10/10/06 dk.

POWER INTEGRATIONS, INC., a Delaware corporation,

Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,

Defendants.

C.A. No. 04-1371 JJF

**SPECIAL VERDICT FORM**

We, the jury, unanimously find as follows:

**INFRINGEMENT OF POWER INTEGRATIONS' '876 PATENT**

**Infringement of the '876 Patent**

1. Do you find by a preponderance of the evidence that Fairchild has literally infringed the following claims of the '876 Patent? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 1: YES _X__ NO _____

2. If you answered "NO" as to any claim(s) in question 1, do you find by a preponderance of the evidence that Fairchild nevertheless infringes the claim(s) under the doctrine of equivalents? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 1: YES _____ NO _____

**Willful Infringement of the '876 Patent**

3. If you answered "YES" as to any claims for any of questions 1-2, do you find by clear and convincing evidence that Fairchild's infringement of the claim(s) was willful? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES _X__ NO _____

**INFRINGEMENT OF POWER INTEGRATIONS' '851 PATENT**
**Infringement of the '851 Patent**

4. Do you find by a preponderance of the evidence that Fairchild has literally infringed the following claims of the '851 Patent? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 1: YES __X__ NO _____

Claim 4: YES __X__ NO _____

5. If you answered "NO" as to any claim(s) in question 4, do you find by a preponderance of the evidence that Fairchild nevertheless infringes the claim(s) under the doctrine of equivalents? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 1: YES _____ NO _____

Claim 4: YES _____ NO _____

**Willful Infringement of the '851 Patent**

6. If you answered "YES" as to any claims for any of questions 4-5, do you find by clear and convincing evidence that Fairchild's infringement of the claim(s) was willful? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES __X__ NO _____

## INFRINGEMENT OF POWER INTEGRATIONS' '366 PATENT

**Infringement of the '366 Patent**

7. Do you find by a preponderance of the evidence that Fairchild has literally infringed the following claims of the '366 Patent? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 9: YES __X__ NO ______

Claim 14: YES __X__ NO ______

8. If you answered "NO" as to any claim(s) in question 7, do you find by a preponderance of the evidence that Fairchild nevertheless infringes the claim(s) under the doctrine of equivalents? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 9: YES ______ NO ______

Claim 14: YES ______ NO ______

**Willful Infringement of the '366 Patent**

9. If you answered "YES" as to any claims for any of questions 7-8, do you find by clear and convincing evidence that Fairchild's infringement of the claim(s) was willful? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES __X__ NO ______

## INFRINGEMENT OF POWER INTEGRATIONS' '075 PATENT

**Infringement of the '075 Patent**

10. Do you find by a preponderance of the evidence that Fairchild has literally infringed the following claims of the '075 Patent? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 1: YES __X__ NO ______

Claim 5: YES __X__ NO ______

**Willful Infringement of the '075 Patent**

11. If you answered "YES" as to any claims for question 10, do you find by clear and convincing evidence that Fairchild's infringement of the claim(s) was willful? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES __X__ NO ______

**DAMAGES DUE TO POWER INTEGRATIONS**

**Damages for Infringement of the'876, '851,'366, and/or '075 Patents**

12. If you have found that Fairchild has infringed at least one asserted claim from any of the '876, '851, '366, and/or '075 Patents, do you find by a preponderance of the evidence that Power Integrations suffered actual damages as a result of Fairchild's infringement? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES X NO ____

13. If you answered "YES" to question 12, state the type and amount of damages you find Power Integrations to have proven by a preponderance of the evidence:

(A) Lost Profits from Lost Sales ('876 and/or '851 patent only):

$ 14,981,828

(B) Past Lost Profits from Price Erosion: $ 1,952,893

(C) Future Lost Profits from Price Erosion: $ 13,018,379

(D1) Reasonable Royalty (in addition to Lost Profits from Lost Sales):

$ 4,028,681 (or)

(D2) Reasonable Royalty (if no Lost Profits from Lost Sales):

____

TOTAL DAMAGES $ 33,981,781

3. If you answered "YES" to question 12, please state the applicable royalty rates that should apply to each patent you found Fairchild infringed:

'876 Patent 15%

'851 Patent 15%

'366 Patent 15%

'075 Patent 15%

You must each sign this Verdict Form:

Dated: 10.10.06

(foreperson)

# Exhibit B

# REDACTED IN ITS ENTIRETY

# Exhibit C

# REDACTED
# IN ITS ENTIRETY

# Exhibit D

## Patent License Agreement

This Patent License Agreement ("PLA") is entered into on this 30th day of March, 2006 by and between Intersil Corporation ("Intersil") and Fairchild Semiconductor Corporation ("Fairchild") (collectively, the "Parties"). The PLA is intended to supplement and, to the extent inconsistent, supersede rights conveyed under an Asset Purchase Agreement between the Parties dated January 20, 2001, including the Intellectual Property Assignment and License Agreement thereunder (all as thereafter amended and collectively, the "APA").

1. <u>Consideration</u>

The additional consideration to be paid and/or granted by Fairchild:

1.1 A one time lump sum payment of One Million Five Hundred Thousand Dollars ($1,500,000.00) by March 31, 2006;

1.2 Fifty percent of any Net Proceeds to Fairchild as a result of any claims or causes of action asserted against Power Integrations, Incorporated, including its parents, subsidiaries and consolidated entities (any or all of which, "POWI") as a result of enforcement of United States Patent No. 4,823,173 and/or United States Patent No. 5,264,719, including any and all re-examinations, reissues or certificates of correction relating to such patents (collectively, the "Patents"). "Net Proceeds" means the amount of cash, if any, received by Fairchild pursuant to any judgment against, settlement or license agreement with POWI, after deduction of (i) all costs and reasonable attorneys' fees related to enforcement of the Patents and (ii) the consideration paid under paragraph 1.1 of this PLA to Intersil. All other remedies and benefits obtained shall be retained by Fairchild.

1.3 Subject to paragraph 1.2 above, Fairchild shall have the sole right to collect all monetary damages, past, current and future, all non-monetary compensation arising from direct infringement, contributory infringement or inducement of infringement (collectively "Infringement") of the Patents by POWI. Intersil hereby assigns, conveys and transfers to Fairchild the right to recovery from POWI monetary damages for Infringement, including all damages for past infringement accruing prior to the date of this PLA.

**REDACTED, CONFIDENTIAL JOINT DEFENSE PRIVILEGE**

2.2 Fairchild agrees that it will not enter into any settlement agreement, consent judgment, agreed judgment, covenant not to sue or any other agreement with POWI that will adversely affect the Patents' enforceability, validity or the scope of any Patent's claim without the consent of Intersil. Further, Fairchild shall not, absent the express written consent of Intersil, have the right to grant to any third party, including POWI, the right to sublicense the Patents. Intersil and Fairchild will attempt to reach an agreement on standard language to be included in any such agreement that, if included without nullifying or inconsistent language, will eliminate the requirement for additional consent from Intersil.

3. <u>Additional Rights Granted Fairchild</u>

3.1 In addition to the rights granted to Fairchild under the APA, Intersil grants to Fairchild the sole and exclusive right, exclusive even as to Intersil, to enforce the Patents against POWI, to assert, litigate and prosecute claims of Infringement under the Patents against POWI, including without limitation in any U.S. federal court or before the International Trade Commission, and to seek all equitable, injunctive, monetary and other relief and to collect for later distribution under Paragraph 1.2 any and all past damages in connection with Infringement of the Patents by POWI, and to settle and compromise any disputes with POWI related to the Patents. Except as provided herein, the Parties agree that only Fairchild shall have the authority to threaten, commence, maintain or settle any claim, suit or proceeding based upon Infringement of the Patents (or other trespass or similar action relating to the Patents and the inventions therein claimed) by POWI.

3.2 Fairchild's rights to make, use and sell products under the APA are not expanded in any way by this PLA.

**REDACTED, CONFIDENTIAL JOINT DEFENSE PRIVILEGE**

**REDACTED, CONFIDENTIAL JOINT DEFENSE PRIVILEGE**

3.6 Intersil will not license or assign any rights under the Patents to POWI without the prior consent of Fairchild. Any such attempt shall be null and void *ab initio*. Any license or assignment of rights by Intersil under the Patents to any third party, licensee or foundry executed after the effective date of this PLA shall be subject to the terms and conditions of this PLA and the APA and shall expressly exclude from its scope any rights to the Patents in favor of POWI and shall prevent such party from sub-licensing, assigning or otherwise granting any rights or protection under the Patents to POWI.

**REDACTED, CONFIDENTIAL JOINT DEFENSE PRIVILEGE**

5. <u>Confidentiality</u>

The terms and conditions of this PLA, all communications, discussions and correspondence relating to this PLA, and all actions taken in performance of the PLA, shall be "Common Interest Information" covered by the Joint Defense and Confidentiality Agreement between the Parties, dated March 12, 2001, and shall be maintained in strict confidence in accordance with such Joint Defense and Confidentiality Agreement. This PLA amends and supplements the APA, including the Intellectual Property Assignment and License Agreement, and the provisions of the Intellectual Property Assignment and License Agreement, for example Section 26 (Governing Law) and Section 29 (Severability), are hereby incorporated by reference.

The parties have duly executed this Agreement as of the date first above written.

INTERSIL CORPORATION

By: ______________________________

Name: ______________________________

Title: ______________________________

FAIRCHILD SEMICONDUCTOR CORPORATION

By: ______________________________

Name: Robert J. Conrad

Title: Senior Vice President – Analog Products

The parties have duly executed this Agreement as of the date first above written.

INTERSIL CORPORATION

By: Douglas A. Balog

Name: DOUGLAS A. BALOG

Title: ASST. SECRETARY

FAIRCHILD SEMICONDUCTOR CORPORATION

By: ______________________

Name: Robert J. Conrad

Title: Senior Vice President – Analog Products

# Exhibit E

Yahoo! My Yahoo! Mail

Search the Web

YAHOO! FINANCE Sign In New User? Sign Up

Finance Home - Help

Home Investing News & Commentary Retirement & Planning Banking & Credit Loans Taxes

Special Editions Columnists Personal Finance Investing Ideas Markets Company Finances Providers

Get Quotes GO Symbol Lookup | Finance Search

SCHWAB ACTIVE TRADER GO> $7 Trades Scottrade

Press Release

Source: Fairchild Semiconductor

# Fairchild Semiconductor Files Patent Infringement Lawsuit Against Power Integrations, Inc.

Tuesday April 11, 12:36 pm ET

SOUTH PORTLAND, Maine--(BUSINESS WIRE)--April 11, 2006--Fairchild Semiconductor (NYSE: FCS - News) announced today that it has filed a patent infringement lawsuit against Power Integrations, Inc. in the United States District Court for the Eastern District of Texas.

ADVERTISEMENT

Cameras MP3 Players Shoes

Cell Phones Handbags Laptops

The lawsuit asserts infringement of U.S. Patent No. 5,264,719 by Power Integrations' pulse width modulation (PWM) products. Fairchild intends to take all possible steps to seek a court order to stop Power Integrations from making, using, selling, offering for sale or importing the infringing products into the United States and to obtain monetary damages for Power Integrations' infringing activities.

Fairchild and Power Integrations have been in litigation since 2004 in the United States District Court for the District of Delaware. This lawsuit is a separate action filed in the United States District Court for the Eastern District of Texas.

"What Power Integrations has not been able to achieve in the marketplace, they have sought to achieve in the court room. We are forced to respond in kind. However, in our case, Fairchild is asserting a patent that pre-dates Power Integrations' patents by at least fifteen months," said Tom Beaver, Fairchild's executive vice president for Worldwide Sales and Marketing. "We believe Power Integrations' products are infringing the '719 patent. We will take all possible steps to bring Power Integrations' infringement to a stop and to be made whole for the damages they are inflicting."

Intersil Corporation owns U.S. Patent No. 5,264,719, for High Voltage Lateral Semiconductor Devices, and is a co-plaintiff with Fairchild in the lawsuit. Fairchild has held license rights under the patent since 2001 and more recently secured exclusive rights to assert the patent against Power Integrations.

About Fairchild Semiconductor:

Related Q

FCS 11-Apr 1:1

18.8
18.6
18.4
18.2
18.0
10am 12pm

FCS 18.23 -

View Detailed

Delayed 20 r

Providers - Dis

Related News

- MagnaChip Name Executive as SVP Sales - PR Newswire (
- Fairchild Semicon Announces Confe First Quarter 2006 Results - Business Wi
- UPDATE - RESEA ALERT-Credit Sui Micro, 3 others - at (Wed Apr 5)
- Fairchild Semicon 2.0 Switch with Inc Highest 8kV ESD Ideal for Port Isola Portables - Business

- By industry: Semic Integrated Circuits




Top Stor

- Vioxx Plaintiff Gets to Appeal - AP (11:22

Fairchild Semiconductor (NYSE: FCS - News) is the leading global supplier of high-performance power products critical to today's leading electronic applications in the computing, communications, consumer, industrial and automotive segments. As The Power Franchise®, Fairchild offers the industry's broadest portfolio of components that optimize system power. Fairchild's 9,000 employees design, manufacture and market power, analog & mixed signal, interface, logic, and optoelectronics products. Please contact us on the web at www.fairchildsemi.com.


- Gas Costs Expect
  High This Summer
- Stocks Slide on Hi
  Prices - AP (12:38 pm)
- Skilling Denies Sp
  Conspiracy - AP (11:

- Most-emailed artic
- Most-viewed articl

RSS Fee

Add headlines to you personalized My Yah
( About My Yahoo! and

FCS Headlines

Semiconductor - Integ Headlines

More Finance RSS Fe


*Contact:*


Fairchild Semiconductor:
Fran Harrison, 207-775-8576
Corporate Communications
Fax: 207-775-8161
fran.harrison@fairchildsemi.com
or
Agency Contact:
CHEN PR
Julianne Greenwood, 781-672-3137
Fax: 781-466-8989
jgreenwood@chenpr.com


---

Source: Fairchild Semiconductor


Email Story   Set News Alert   Print Story

Search News

Sponsor Results

Homeowners - Don't Miss Out
$145,000 mortgage for $484 per month. Refinance while rates are still low.
www.lowermybills.com

2.75% Fixed Student Loan Consolidation
70% lower student loan payments - fixed rate, no fees, qualify in one minute.
www.nextstudent.com

Donate Now - Food Saves Lives
Your donation of $30 will provide $240 worth of food in East Africa. Help now.
www.worldvision.org

(What's This?)

Copyright © 2006 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2006 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials by posting, archiving in a public web site or database, or redistribution in a computer network is strictly forbidden.

# Exhibit F

**Supplemental Agreement**

This Supplemental Agreement amends and, to the extent necessary, modifies *nunc pro tunc* the Patent License Agreement ("PLA") dated March 30, 2006 between Intersil Corporation ("Intersil") and Fairchild Semiconductor Corporation ("Fairchild") (collectively, the "Parties").

Intersil Americas, Inc. ("Intersil Americas"), as title holder of record of United States Patent No. 4,823,173 and United States Patent No. 5,264,719 (the "Patents"), hereby fully ratifies the terms of the March 30, 2006 PLA. Intersil Americas further acknowledges that its parent corporation, Intersil Corporation, was authorized to enter into the PLA on behalf of Intersil Americas, and to agree to the terms stated therein. Intersil Americas agrees to be bound by, and hereby reaffirms, the representations and warranties made by Intersil Corporation in the PLA.

It is the intent of the parties hereto that this Supplemental Agreement shall be retroactive to March 30, 2006, and shall have the effect of assigning and conveying from Intersil Americas to Fairchild, as of March 30, 2006, the specific rights to the Patents as detailed in the PLA as if Intersil Americas - and not Intersil Corporation -- was the original party to the PLA. This Supplemental Agreement does not modify the substantive rights of Fairchild under the PLA, and the substantive rights afforded to Intersil Corporation under the PLA remain unchanged, but will be deemed to reside in Intersil Americas. Intersil Corporation shall remain bound under the PLA itself. This Supplemental Agreement does not alter the ongoing obligations, if any, of any Intersil related entity under the Asset Purchase Agreement and the related Intellectual Property Assignment and License Agreement between Intersil Corporation and Fairchild dated January 20, 2001. Intersil Americas assumes no obligations other than as expressly set forth herein and in the body of the PLA.

Executed on May 18, 2006, but effective March 30, 2006.

INTERSIL CORPORATION

By: Douglas A. Balog
Name: DOUGLAS A. BALOG
Title: ASST. SECRETARY

INTERSIL AMERICAS, INC.

By: Douglas A. Balog
Name: DOUGLAS A. BALOG
Title: ASST. SECRETARY

FAIRCHILD SEMICONDUCTOR CORPORATION

By: [signature]
Name: Paul D. Delva
Title: SVP, General Counsel + Secretary