# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

<u>VIA ECF AND BY HAND</u>

October 5, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE 19801

**FR**

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

MUNICH

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:    *Fairchild/Intersil v. Power Integrations*
        USDC-D. Del. - C.A. No. 07-187 (JJF)

Dear Judge Farnan:

I write on behalf of Defendant Power Integrations to provide the Court with a complete set of the various versions of the Patent License Agreement between Fairchild and Intersil that have been produced to us in this matter, including 4 versions that have been produced since our opening brief in support of Power Integrations' motion to dismiss was filed on September 7, 2007 (D.I. 60). Plaintiffs produced the most recent, least redacted, version of the Agreement just **last night**. The various versions of the Patent License Agreement are attached hereto as Exhibits A-F, with an index to show when they were produced and by which plaintiff. The recently unredacted material in the Patent License Agreement confirms plaintiffs' lack of standing, and we expect to refer to these documents at the oral argument today.

Respectfully,

William J. Marsden, Jr.

WJM/kxk

cc:    Steven J. Balick, Esq. (By Hand)
        Michael W. Shore, Esq. (By Federal Express)
        G. Hopkins Guy, III, Esq. (By email and Federal Express)

## INDEX TO PATENT LICENSE AGREEMENTS

Exhibit A was filed with the Eastern District of Texas as Exhibit E to Plaintiffs'
Amended Complaint in this matter on March 16, 2006.

Exhibit B was produced by Intersil Corp. in the pending *Power Integrations v. Fairchild*
matter, USDC-D. Del. C.A. No. 04-1371-JJF, on March 24, 2006.

Exhibit C was produced by the Plaintiffs on September 26, 2007.

Exhibit D was produced by the Plaintiffs on September 27, 2007.

Exhibit E was produced by the Plaintiffs on October 3, 2007.

Exhibit F was produced by the Plaintiffs on October 4, 2007.

# Exhibit A

# Patent License Agreement

This Patent License Agreement ("PLA") is entered into on this 30th day of March, 2006 by and between Intersil Corporation ("Intersil") and Fairchild Semiconductor Corporation ("Fairchild") (collectively, the "Parties").

1.

**REDACTED**

1.1

1.2

Power Integrations, Incorporated, including its parents, subsidiaries and consolidated entities (any or all of which, "POWI"). **REDACTED** United States Patent No. 4,823,173 and/or United States Patent No. 5,264,719, including any and all re-examinations, reissues or certificates of correction relating to such patents (collectively, the "Patents").

1.3

**REDACTED**

2.

2.1

REDACTED

2.2

3.    **Additional Rights Granted Fairchild**

3.1                    REDACTED                    Intersil
grants to Fairchild the sole and exclusive right, exclusive even as to Intersil, to enforce the
Patents against POWI, to assert, litigate and prosecute claims of Infringement under the
Patents against POWI, including without limitation in any U.S. federal court or before the
International Trade Commission, and to seek all equitable, injunctive, monetary and other
relief and to collect for later distribution under Paragraph 1.2 any and all past damages in
connection with Infringement of the Patents by POWI, and to settle and compromise any
disputes with POWI related to the Patents. Except as provided herein, the Parties agree that
only Fairchild shall have the authority to threaten, commence, maintain or settle any claim,
suit or proceeding based upon Infringement of the Patents (or other trespass or similar action
relating to the Patents and the inventions therein claimed) by POWI.

3.2

3.3

REDACTED

- 2 -

**REDACTED**

3.4

3.5

**REDACTED**

3.6

4.   **Representations and Warranties**

    4.1     Intersil represent and warrants as follows:

A.    Intersil has the authority to enter into this PLA and to convey the rights conveyed herein, and that the execution and performance of this PLA does not conflict with Intersil's certificate of incorporation, by-laws or contract obligations.

B.    Intersil is the sole owner of the Patents, the Patents have been and will be maintained, and that all inventors of the inventions claimed in the Patents have assigned title and ownership of the inventions to Intersil.

C.

4.2

A.

**REDACTED**

B.

C.

5.    **Confidentiality**

The terms and conditions of this PLA, all communications, discussions and correspondence relating to this PLA, and all actions taken in performance of the PLA, shall be "Common Interest Information" covered by the Joint Defense and Confidentiality Agreement between the Parties, dated March 12, 2001, and shall be maintained in strict confidence in accordance with such Joint Defense and Confidentiality Agreement.

**REDACTED**

The parties have duly executed this Agreement as of the date first above written.

**INTERSIL CORPORATION**

By: _____

Name: _____

Title: _____


**FAIRCHILD SEMICONDUCTOR CORPORATION**

By: _____

Name: Robert J. Conrad

Title: Senior Vice President – Analog Products

The parties have duly executed this Agreement as of the date first above written.

**INTERSIL CORPORATION**

By: _Douglas A. Balog_

Name: _DOUGLAS A. BALOG_

Title: _ASST. SECRETARY_

**FAIRCHILD SEMICONDUCTOR CORPORATION**

By: _____

Name: Robert J. Conrad

Title: Senior Vice President – Analog Products

# Exhibit B

Patent License Agreement

This Patent License Agreement ("PLA") is entered into on this 30ᵗʰ day of March, 2006 by and between Intersil Corporation ("Intersil") and Fairchild Semiconductor Corporation ("Fairchild") (collectively, the "Parties"). The PLA is intended to supplement and, to the extent inconsistent, supersede rights conveyed under an Asset Purchase Agreement between the Parties dated January 20, 2001, including the Intellectual Property Assignment and License Agreement thereunder (all as thereafter amended and collectively, the "APA").

1.     **Consideration**

The additional consideration to be paid and/or granted by Fairchild:

1.1     A one time lump sum payment of One Million Five Hundred Thousand Dollars ($1,500,000.00) by March 31, 2006;

1.2     Fifty percent of any Net Proceeds to Fairchild as a result of any claims or causes of action asserted against Power Integrations, Incorporated, including its parents, subsidiaries and consolidated entities (any or all of which, "POWI") as a result of enforcement of United States Patent No. 4,823,173 and/or United States Patent No. 5,264,719, including any and all re-examinations, reissues or certificates of correction relating to such patents (collectively, the "Patents"). "Net Proceeds" means the amount of cash, if any, received by Fairchild pursuant to any judgment against, settlement or license agreement with POWI, after deduction of (i) all costs and reasonable attorneys' fees related to enforcement of the Patents and (ii) the consideration paid under paragraph 1.1 of this PLA to Intersil. All other remedies and benefits obtained shall be retained by Fairchild.

1.3     Subject to paragraph 1.2 above, Fairchild shall have the sole right to collect all monetary damages, past, current and future, all non-monetary compensation arising from direct infringement, contributory infringement or inducement of infringement (collectively "Infringement") of the Patents by POWI. Intersil hereby assigns, conveys and transfers to Fairchild the right to recovery from POWI monetary damages for Infringement, including all damages for past infringement accruing prior to the date of this PLA.

**REDACTED, CONFIDENTIAL JOINT DEFENSE PRIVILEGE**

- 1 -

2.2   Fairchild agrees that it will not enter into any settlement agreement, consent judgment, agreed judgment, covenant not to sue or any other agreement with POWI that will adversely affect the Patents' enforceability, validity or the scope of any Patent's claim without the consent of Intersil. Further, Fairchild shall not, absent the express written consent of Intersil, have the right to grant to any third party, including POWI, the right to sublicense the Patents. Intersil and Fairchild will attempt to reach an agreement on standard language to be included in any such agreement that, if included without nullifying or inconsistent language, will eliminate the requirement for additional consent from Intersil.

3.   **Additional Rights Granted Fairchild**

3.1   In addition to the rights granted to Fairchild under the APA, Intersil grants to Fairchild the sole and exclusive right, exclusive even as to Intersil, to enforce the Patents against POWI, to assert, litigate and prosecute claims of Infringement under the Patents against POWI, including without limitation in any U.S. federal court or before the International Trade Commission, and to seek all equitable, injunctive, monetary and other relief and to collect for later distribution under Paragraph 1.2 any and all past damages in connection with Infringement of the Patents by POWI, and to settle and compromise any disputes with POWI related to the Patents. Except as provided herein, the Parties agree that only Fairchild shall have the authority to threaten, commence, maintain or settle any claim, suit or proceeding based upon Infringement of the Patents (or other trespass or similar action relating to the Patents and the inventions therein claimed) by POWI.

3.2   Fairchild's rights to make, use and sell products under the APA are not expanded in any way by this PLA.

**REDACTED, CONFIDENTIAL JOINT DEFENSE PRIVILEGE**

I 000705

REDACTED, CONFIDENTIAL JOINT DEFENSE
PRIVILEGE

3.6    Intersil will not license or assign any rights under the Patents to POWI
without the prior consent of Fairchild.  Any such attempt shall be null and void *ab initio*.
Any license or assignment of rights by Intersil under the Patents to any third party, licensee
or foundry executed after the effective date of this PLA shall be subject to the terms and
conditions of this PLA and the APA and shall expressly exclude from its scope any rights to
the Patents in favor of POWI and shall prevent such party from sub-licensing, assigning or
otherwise granting any rights or protection under the Patents to POWI.

- 3 -

I 000706

**REDACTED, CONFIDENTIAL JOINT DEFENSE PRIVILEGE**

5.    <u>Confidentiality</u>

The terms and conditions of this PLA, all communications, discussions and correspondence relating to this PLA, and all actions taken in performance of the PLA, shall be "Common Interest Information" covered by the Joint Defense and Confidentiality Agreement between the Parties, dated March 12, 2001, and shall be maintained in strict confidence in accordance with such Joint Defense and Confidentiality Agreement. This PLA amends and supplements the APA, including the Intellectual Property Assignment and License Agreement, and the provisions of the Intellectual Property Assignment and License Agreement, for example Section 26 (Governing Law) and Section 29 (Severability), are hereby incorporated by reference.

. 4 .

I 000707

The parties have duly executed this Agreement as of the date first above written.

INTERSIL CORPORATION

By: _____

Name: _____

Title: _____

FAIRCHILD SEMICONDUCTOR CORPORATION

By: _____

Name: Robert J. Conrad

Title: Senior Vice President – Analog Products

- 5 -

I 000708

03/30/2006 19:14 FAX 321 729 5392       INTERSIL LEGAL DEPT                    ☒011

The parties have duly executed this Agreement as of the date first above written.

INTERSIL CORPORATION

By: _Douglas A. Balog_

Name: DOUGLAS A. BALOG

Title: ASST. SECRETARY

FAIRCHILD SEMICONDUCTOR CORPORATION

By: _____

Name: Robert J. Conrad

Title: Senior Vice President – Analog Products

I 000709

# Exhibit C

Patent License Agreement

This Patent License Agreement ("PLA") is entered into on this 30th day of March, 2006 by and between Intersil Corporation ("Intersil") and Fairchild Semiconductor Corporation ("Fairchild") (collectively, the "Parties"). The PLA is intended to supplement and, to the extent inconsistent, supersede rights conveyed under an Asset Purchase Agreement between the Parties dated January 20, 2001, including the Intellectual Property Assignment and License Agreement thereunder (all as thereafter amended and collectively, the "APA").

1.    Consideration

The additional consideration to be paid and/or granted by Fairchild:

1.1    A one time lump sum payment of One Million Five Hundred Thousand Dollars ($1,500,000.00) by March 31, 2006;

1.2    Fifty percent of any Net Proceeds to Fairchild as a result of any claims or causes of action asserted against Power Integrations, Incorporated, including its parents, subsidiaries and consolidated entities (any or all of which, "POWI") as a result of enforcement of United States Patent No. 4,823,173 and/or United States Patent No. 5,264,719, including any and all re-examinations, reissues or certificates of correction relating to such patents (collectively, the "Patents"). "Net Proceeds" means the amount of cash, if any, received by Fairchild pursuant to any judgment against, settlement or license agreement with POWI, after deduction of (i) all costs and reasonable attorneys' fees related to enforcement of the Patents and (ii) the consideration paid under paragraph 1.1 of this PLA to Intersil. All other remedies and benefits obtained shall be retained by Fairchild.

1.3    Subject to paragraph 1.2 above, Fairchild shall have the sole right to collect all monetary damages, past, current and future, all non-monetary compensation arising from direct infringement, contributory infringement or inducement of infringement (collectively "Infringement") of the Patents by POWI. Intersil hereby assigns, conveys and transfers to Fairchild the right to recovery from POWI monetary damages for Infringement, including all damages for past infringement accruing prior to the date of this PLA.

REDACTED, CONFIDENTIAL JOINT DEFENSE
PRIVILEGE

- 1 -

I 000704

2.2     Fairchild agrees that it will not enter into any settlement agreement, consent judgment, agreed judgment, covenant not to sue or any other agreement with POWI that will adversely affect the Patents' enforceability, validity or the scope of any Patent's claim without the consent of Intersil. Further, Fairchild shall not, absent the express written consent of Intersil, have the right to grant to any third party, including POWI, the right to sublicense the Patents. Intersil and Fairchild will attempt to reach an agreement on standard language to be included in any such agreement that, if included without nullifying or inconsistent language, will eliminate the requirement for additional consent from Intersil.

3.     Additional Rights Granted Fairchild

3.1     In addition to the rights granted to Fairchild under the APA, Intersil grants to Fairchild the sole and exclusive right, exclusive even as to Intersil, to enforce the Patents against POWI, to assert, litigate and prosecute claims of Infringement under the Patents against POWI, including without limitation in any U.S. federal court or before the International Trade Commission, and to seek all equitable, injunctive, monetary and other relief and to collect for later distribution under Paragraph 1.2 any and all past damages in connection with Infringement of the Patents by POWI, and to settle and compromise any disputes with POWI related to the Patents. Except as provided herein, the Parties agree that only Fairchild shall have the authority to threaten, commence, maintain or settle any claim, suit or proceeding based upon infringement of the Patents (or other trespass or similar action relating to the Patents and the inventions therein claimed) by POWI

3.2     Fairchild's rights to make, use and sell products under the APA are not expanded in any way by this PLA.

3.3

REDACTED, CONFIDENTIAL JOINT DEFENSE
PRIVILEGE

- 2 -

I 000705

REDACTED, CONFIDENTIAL JOINT DEFENSE
PRIVILEGE

REDACTED

REDACTED

Except as otherwise stated herein,
Fairchild alone shall have authority to negotiate a settlement or any other agreements with
POWI that involve or include a license or grant of immunity under the Patents, including the
right to compel Intersil to grant POWI an unlimited, non-exclusive license under the Patents,
as Fairchild deems appropriate in accordance with this PLA.

REDACTED

3.6    Intersil will not license or assign any rights under the Patents to POWI
without the prior consent of Fairchild. Any such attempt shall be null and void *ab initio*.
Any license or assignment of rights by Intersil under the Patents to any third party, licensee
or foundry executed after the effective date of this PLA shall be subject to the terms and
conditions of this PLA and the APA and shall expressly exclude from its scope any rights to
the Patents in favor of POWI and shall prevent such party from sub-licensing, assigning or
otherwise granting any rights or protection under the Patents to POWI.

- 3 -

REDACTED, CONFIDENTIAL JOINT DEFENSE
PRIVILEGE

5.    Confidentiality

The terms and conditions of this PLA, all communications, discussions and correspondence relating to this PLA, and all actions taken in performance of the PLA, shall be "Common Interest Information" covered by the Joint Defense and Confidentiality Agreement between the Parties, dated March 12, 2001, and shall be maintained in strict confidence in accordance with such Joint Defense and Confidentiality Agreement. This PLA amends and supplements the APA, including the Intellectual Property Assignment and License Agreement, and the provisions of the Intellectual Property Assignment and License Agreement, for example Section 26 (Governing Law) and Section 29 (Severability), are hereby incorporated by reference.

- 4 -

I 000707

The parties have duly executed this Agreement as of the date first above written.

INTERSIL CORPORATION

By: _____

Name: _____

Title: _____


FAIRCHILD SEMICONDUCTOR CORPORATION

By: _____

Name: Robert J. Conrad

Title: Senior Vice President – Analog Products

I 000708

The parties have duly executed this Agreement as of the date first above written.

INTERSIL CORPORATION

By: _Douglas A. Balog_____

Name: _DOUGLAS A. BALOG_____

Title: _ASST. SECRETARY_____

FAIRCHILD SEMICONDUCTOR CORPORATION

By: _____

Name: Robert J. Conrad

Title: Senior Vice President – Analog Products

- 5 -

I 000709

# Exhibit D

### Patent License Agreement

This Patent License Agreement ("PLA") is entered into on this 30ᵗʰ day of March, 2006 by and between Intersil Corporation ("Intersil") and Fairchild Semiconductor Corporation ("Fairchild") (collectively, the "Parties"). The PLA is intended to supplement and, to the extent inconsistent, supersede rights conveyed under an Asset Purchase Agreement between the Parties dated January 20, 2001, including the Intellectual Property Assignment and License Agreement thereunder (all as thereafter amended and collectively, the "APA").

1.    **Consideration**

The additional consideration to be paid and/or granted by Fairchild:

1.1    A one time lump sum payment of One Million Five Hundred Thousand Dollars ($1,500,000.00) by March 31, 2006;

1.2    Fifty percent of any Net Proceeds to Fairchild as a result of any claims or causes of action asserted against Power Integrations, Incorporated, including its parents, subsidiaries and consolidated entities (any or all of which, "POWI") as a result of enforcement of United States Patent No. 4,823,173 and/or United States Patent No. 5,264,719, including any and all re-examinations, reissues or certificates of correction relating to such patents (collectively, the "Patents"). "Net Proceeds" means the amount of cash, if any, received by Fairchild pursuant to any judgment against, settlement or license agreement with POWI, after deduction of (i) all costs and reasonable attorneys' fees related to enforcement of the Patents and (ii) the consideration paid under paragraph 1.1 of this PLA to Intersil. All other remedies and benefits obtained shall be retained by Fairchild.

1.3    Subject to paragraph 1.2 above, Fairchild shall have the sole right to collect all monetary damages, past, current and future, all non-monetary compensation arising from direct infringement, contributory infringement or inducement of infringement (collectively "Infringement") of the Patents by POWI. Intersil hereby assigns, conveys and transfers to Fairchild the right to recovery from POWI monetary damages for Infringement, including all damages for past infringement accruing prior to the date of this PLA.

2.1

### REDACTED

**REDACTED**

2.2    Fairchild agrees that it will not enter into any settlement agreement, consent judgment, agreed judgment, covenant not to sue or any other agreement with POWI that will adversely affect the Patents' enforceability, validity or the scope of any Patent's claim without the consent of Intersil. Further, Fairchild shall not, absent the express written consent of Intersil, have the right to grant to any third party, including POWI, the right to sublicense the Patents. Intersil and Fairchild will attempt to reach an agreement on standard language to be included in any such agreement that, if included without nullifying or inconsistent language, will eliminate the requirement for additional consent from Intersil.

3.    **Additional Rights Granted Fairchild**

3.1    In addition to the rights granted to Fairchild under the APA, Intersil grants to Fairchild the sole and exclusive right, exclusive even as to Intersil, to enforce the Patents against POWI, to assert, litigate and prosecute claims of Infringement under the Patents against POWI, including without limitation in any U.S. federal court or before the International Trade Commission, and to seek all equitable, injunctive, monetary and other relief and to collect for later distribution under Paragraph 1.2 any and all past damages in connection with Infringement of the Patents by POWI, and to settle and compromise any disputes with POWI related to the Patents. Except as provided herein, the Parties agree that only Fairchild shall have the authority to threaten, commence, maintain or settle any claim, suit or proceeding based upon Infringement of the Patents (or other trespass or similar action relating to the Patents and the inventions therein claimed) by POWI.

3.2    Fairchild's rights to make, use and sell products under the APA are not expanded in any way by this PLA.

3.3

**REDACTED**

- 2 -

**REDACTED**

**REDACTED**

. Except as otherwise stated herein, Fairchild alone shall have authority to negotiate a settlement or any other agreements with POWI that involve or include a license or grant of immunity under the Patents, including the right to compel Intersil to grant POWI an unlimited, non-exclusive license under the Patents, as Fairchild deems appropriate in accordance with this PLA.

**REDACTED**

3.6    Intersil will not license or assign any rights under the Patents to POWI without the prior consent of Fairchild. Any such attempt shall be null and void *ab initio*. Any license or assignment of rights by Intersil under the Patents to any third party, licensee or foundry executed after the effective date of this PLA shall be subject to the terms and conditions of this PLA and the APA and shall expressly exclude from its scope any rights to the Patents in favor of POWI and shall prevent such party from sub-licensing, assigning or otherwise granting any rights or protection under the Patents to POWI.

**REDACTED**

REDACTED

5.    <u>**Confidentiality**</u>

The terms and conditions of this PLA, all communications, discussions and correspondence relating to this PLA, and all actions taken in performance of the PLA, shall be "Common Interest Information" covered by the Joint Defense and Confidentiality Agreement between the Parties, dated March 12, 2001, and shall be maintained in strict confidence in accordance with such Joint Defense and Confidentiality Agreement. This PLA amends and supplements the APA, including the Intellectual Property Assignment and License Agreement, and the provisions of the Intellectual Property Assignment and License Agreement, for example Section 26 (Governing Law) and Section 29 (Severability), are hereby incorporated by reference.

4 -

The parties have duly executed this Agreement as of the date first above written.

INTERSIL CORPORATION

By: _____

Name: _____

Title: _____


FAIRCHILD SEMICONDUCTOR CORPORATION

By: _____

Name: Robert J. Conrad

Title: Senior Vice President – Analog Products

- 5 -

The parties have duly executed this Agreement as of the date first above written.

INTERSIL CORPORATION

By: _____

Name: _____

Title: _____


FAIRCHILD SEMICONDUCTOR CORPORATION

By: _____

Name: Robert J. Conrad

Title: Senior Vice President – Analog Products

# Exhibit E

## Patent License Agreement

This Patent License Agreement ("PLA") is entered into on this 30th day of March, 2006 by and between Intersil Corporation ("Intersil") and Fairchild Semiconductor Corporation ("Fairchild") (collectively, the "Parties"). The PLA is intended to supplement and, to the extent inconsistent, supersede rights conveyed under an Asset Purchase Agreement between the Parties dated January 20, 2001, including the Intellectual Property Assignment and License Agreement thereunder (all as thereafter amended and collectively, the "APA").

1.    **Consideration**

The additional consideration to be paid and/or granted by Fairchild:

1.1    A one time lump sum payment of One Million Five Hundred Thousand Dollars ($1,500,000.00) by March 31, 2006;

1.2    Fifty percent of any Net Proceeds to Fairchild as a result of any claims or causes of action asserted against Power Integrations, Incorporated, including its parents, subsidiaries and consolidated entities (any or all of which, "POWI") as a result of enforcement of United States Patent No. 4,823,173 and/or United States Patent No. 5,264,719, including any and all re-examinations, reissues or certificates of correction relating to such patents (collectively, the "Patents"). "Net Proceeds" means the amount of cash, if any, received by Fairchild pursuant to any judgment against, settlement or license agreement with POWI, after deduction of (i) all costs and reasonable attorneys' fees related to enforcement of the Patents and (ii) the consideration paid under paragraph 1.1 of this PLA to Intersil. All other remedies and benefits obtained shall be retained by Fairchild.

1.3    Subject to paragraph 1.2 above, Fairchild shall have the sole right to collect all monetary damages, past, current and future, all non-monetary compensation arising from direct infringement, contributory infringement or inducement of infringement (collectively "Infringement") of the Patents by POWI. Intersil hereby assigns, conveys and transfers to Fairchild the right to recovery from POWI monetary damages for Infringement, including all damages for past infringement accruing prior to the date of this PLA.

2.1

## REDACTED

REDACTED

2.2    Fairchild agrees that it will not enter into any settlement agreement, consent judgment, agreed judgment, covenant not to sue or any other agreement with POWI that will adversely affect the Patents' enforceability, validity or the scope of any Patent's claim without the consent of Intersil. Further, Fairchild shall not, absent the express written consent of Intersil, have the right to grant to any third party, including POWI, the right to sublicense the Patents. Intersil and Fairchild will attempt to reach an agreement on standard language to be included in any such agreement that, if included without nullifying or inconsistent language, will eliminate the requirement for additional consent from Intersil.

3.    **Additional Rights Granted Fairchild**

3.1    In addition to the rights granted to Fairchild under the APA, Intersil grants to Fairchild the sole and exclusive right, exclusive even as to Intersil, to enforce the Patents against POWI, to assert, litigate and prosecute claims of Infringement under the Patents against POWI, including without limitation in any U.S. federal court or before the International Trade Commission, and to seek all equitable, injunctive, monetary and other relief and to collect for later distribution under Paragraph 1.2 any and all past damages in connection with Infringement of the Patents by POWI, and to settle and compromise any disputes with POWI related to the Patents. Except as provided herein, the Parties agree that only Fairchild shall have the authority to threaten, commence, maintain or settle any claim, suit or proceeding based upon Infringement of the Patents (or other trespass or similar action relating to the Patents and the inventions therein claimed) by POWI.

3.2    Fairchild's rights to make, use and sell products under the APA are not expanded in any way by this PLA.

3.3    Intersil agrees to reasonably cooperate with Fairchild in aid of Fairchild's efforts to enforce the Patents. If necessary to assert the Patents against POWI, Intersil agrees to be joined as a party. Intersil shall execute all instruments and take all other steps as may be reasonable to enable Fairchild to procure, maintain, enforce and defend the Patents against POWI, including acts reasonable to enable Fairchild to achieve standing to enforce the Patents against POWI. Intersil shall not, however, be required to waive any privileges, discovery exemptions or immunities or, without protections reasonably agreed upon by Intersil, to disclose any trade secrets or confidential and proprietary information as part of its requirement to cooperate. With respect to the Invention Disclosure Statements

- 2 -

("IDS") related to the Patents, Intersil shall produce the IDS for production in Fairchild's pending litigation with POWI and in any future litigation with POWI provided that Fairchild shall use all reasonably efforts to protect against any waiver of the attorney client privilege beyond any limited waiver as to the IDS' themselves and Fairchild has not and shall not take any position in any pending or future litigation with POWI that production of an invention disclosure statement is a broad waiver of the attorney client privilege beyond the IDS itself.

Intersil shall not interfere with Fairchild's efforts to enforce the Patents against POWI; provided, however, if Fairchild decides not to appeal an adverse and appealable ruling of a court, then Intersil shall have the option to appeal such ruling if Intersil reasonably believes the ruling impairs or diminishes the Patents' value to Intersil, provided that Intersil shall not pursue any interlocutory appeals to the Federal Circuit. Except as otherwise stated herein, Fairchild alone shall have authority to negotiate a settlement or any other agreements with POWI that involve or include a license or grant of immunity under the Patents, including the right to compel Intersil to grant POWI an unlimited, non-exclusive license under the Patents, as Fairchild deems appropriate in accordance with this PLA. Any license to the Patents granted to POWI by Fairchild or otherwise hereunder will be a non-exclusive license without rights to sub-license, with any have made or make rights limited to products seventy-five percent (75%) of which was designed by POWI or sold exclusively under a POWI brand. Notwithstanding anything herein, any license grant to POWI shall expressly state that for any product that is licensed solely because it is sold exclusively under a POWI brand, that the corresponding license shall only be granted to POWI and shall not extend to its suppliers who shall receive no benefits under such a license.

        3.4     Intersil agrees, except as otherwise stated herein, that Fairchild and its counsel shall be solely in charge of the strategy and the conduct of any dispute involving POWI and the Patents, that Fairchild shall consult with Intersil and its counsel, but that final decisions shall rest solely with Fairchild.

        3.5     The right to license the Patents and/or compel Intersil to grant POWI an unlimited, non-exclusive license to the Patents is expressly conditioned upon Intersil being granted a license to all POWI patents and intellectual property to which Fairchild may be granted rights in a manner and to an extent co-extensive with the rights granted by POWI to Fairchild, including any additional rights granted to Fairchild by POWI within one year of the grant of any rights by Intersil to POWI.

        3.6     Intersil will not license or assign any rights under the Patents to POWI without the prior consent of Fairchild. Any such attempt shall be null and void *ab initio*. Any license or assignment of rights by Intersil under the Patents to any third party, licensee or foundry executed after the effective date of this PLA shall be subject to the terms and conditions of this PLA and the APA and shall expressly exclude from its scope any rights to the Patents in favor of POWI and shall prevent such party from sub-licensing, assigning or otherwise granting any rights or protection under the Patents to POWI.

    4.

**REDACTED**

REDACTED

5. __Confidentiality__

The terms and conditions of this PLA, all communications, discussions and correspondence relating to this PLA, and all actions taken in performance of the PLA, shall be "Common Interest Information" covered by the Joint Defense and Confidentiality Agreement between the Parties, dated March 12, 2001, and shall be maintained in strict confidence in accordance with such Joint Defense and Confidentiality Agreement. This PLA amends and supplements the APA, including the Intellectual Property Assignment and License Agreement, and the provisions of the Intellectual Property Assignment and License Agreement, for example Section 26 (Governing Law) and Section 29 (Severability), are hereby incorporated by reference.

The parties have duly executed this Agreement as of the date first above written.

**INTERSIL CORPORATION**

By: _____

Name: _____

Title: _____

**FAIRCHILD SEMICONDUCTOR CORPORATION**

By: _____

Name: Robert J. Conrad

Title: Senior Vice President – Analog Products

03/30/2006 19:14 FAX 321 729 5392         INTERSIL LEGAL DEPT                    Ø011

The parties have duly executed this Agreement as of the date first above written.

**INTERSIL CORPORATION**

By: _Douglas A. Balog_____

Name: _DOUGLAS A. BALOG_____

Title: _ASST. SECRETARY_____

**FAIRCHILD SEMICONDUCTOR CORPORATION**

By: _____

Name: Robert J. Conrad

Title: Senior Vice President -- Analog Products

- 5 -

# Exhibit F

## Patent License Agreement

This Patent License Agreement ("PLA") is entered into on this 30ᵗʰ day of March, 2006 by and between Intersil Corporation ("Intersil") and Fairchild Semiconductor Corporation ("Fairchild") (collectively, the "Parties"). The PLA is intended to supplement and, to the extent inconsistent, supersede rights conveyed under an Asset Purchase Agreement between the Parties dated January 20, 2001, including the Intellectual Property Assignment and License Agreement thereunder (all as thereafter amended and collectively, the "APA").

1.    **Consideration**

The additional consideration to be paid and/or granted by Fairchild:

1.1    A one time lump sum payment of One Million Five Hundred Thousand Dollars ($1,500,000.00) by March 31, 2006;

1.2    Fifty percent of any Net Proceeds to Fairchild as a result of any claims or causes of action asserted against Power Integrations, Incorporated, including its parents, subsidiaries and consolidated entities (any or all of which, "POWI") as a result of enforcement of United States Patent No. 4,823,173 and/or United States Patent No. 5,264,719, including any and all re-examinations, reissues or certificates of correction relating to such patents (collectively, the "Patents"). "Net Proceeds" means the amount of cash, if any, received by Fairchild pursuant to any judgment against, settlement or license agreement with POWI, after deduction of (i) all costs and reasonable attorneys' fees related to enforcement of the Patents and (ii) the consideration paid under paragraph 1.1 of this PLA to Intersil. All other remedies and benefits obtained shall be retained by Fairchild.

1.3    Subject to paragraph 1.2 above, Fairchild shall have the sole right to collect all monetary damages, past, current and future, all non-monetary compensation arising from direct infringement, contributory infringement or inducement of infringement (collectively "Infringement") of the Patents by POWI. Intersil hereby assigns, conveys and transfers to Fairchild the right to recovery from POWI monetary damages for Infringement, including all damages for past infringement accruing prior to the date of this PLA.

2.

2.1

## REDACTED

REDACTED

    2.2    Fairchild agrees that it will not enter into any settlement agreement, consent judgment, agreed judgment, covenant not to sue or any other agreement with POWI that will adversely affect the Patents' enforceability, validity or the scope of any Patent's claim without the consent of Intersil. Further, Fairchild shall not, absent the express written consent of Intersil, have the right to grant to any third party, including POWI, the right to sublicense the Patents. Intersil and Fairchild will attempt to reach an agreement on standard language to be included in any such agreement that, if included without nullifying or inconsistent language, will eliminate the requirement for additional consent from Intersil.

3.    **Additional Rights Granted Fairchild**

    3.1    In addition to the rights granted to Fairchild under the APA, Intersil grants to Fairchild the sole and exclusive right, exclusive even as to Intersil, to enforce the Patents against POWI, to assert, litigate and prosecute claims of Infringement under the Patents against POWI, including without limitation in any U.S. federal court or before the International Trade Commission, and to seek all equitable, injunctive, monetary and other relief and to collect for later distribution under Paragraph 1.2 any and all past damages in connection with Infringement of the Patents by POWI, and to settle and compromise any disputes with POWI related to the Patents. Except as provided herein, the Parties agree that only Fairchild shall have the authority to threaten, commence, maintain or settle any claim, suit or proceeding based upon Infringement of the Patents (or other trespass or similar action relating to the Patents and the inventions therein claimed) by POWI.

    3.2    Fairchild's rights to make, use and sell products under the APA are not expanded in any way by this PLA.

    3.3    Intersil agrees to reasonably cooperate with Fairchild in aid of Fairchild's efforts to enforce the Patents. If necessary to assert the Patents against POWI, Intersil agrees to be joined as a party. Intersil shall execute all instruments and take all other steps as may be reasonable to enable Fairchild to procure, maintain, enforce and defend the Patents against POWI, including acts reasonable to enable Fairchild to achieve standing to enforce the Patents against POWI. Intersil shall not, however, be required to waive any privileges, discovery exemptions or immunities or, without protections reasonably agreed upon by Intersil, to disclose any trade secrets or confidential and proprietary information as part of its requirement to cooperate.  With respect to the Invention Disclosure Statements

- 2 -

("IDS") related to the Patents, Intersil shall produce the IDS for production in Fairchild's pending litigation with POWI and in any future litigation with POWI provided that Fairchild shall use all reasonable efforts to protect against any waiver of the attorney client privilege beyond any limited waiver as to the IDS' themselves and Fairchild has not and shall not take any position in any pending or future litigation with POWI that production of an invention disclosure statement is a broad waiver of the attorney client privilege beyond the IDS itself.

Intersil shall not interfere with Fairchild's efforts to enforce the Patents against POWI; provided, however, if Fairchild decides not to appeal an adverse and appealable ruling of a court, then Intersil shall have the option to appeal such ruling if Intersil reasonably believes the ruling impairs or diminishes the Patents' value to Intersil, provided that Intersil shall not pursue any interlocutory appeals to the Federal Circuit. Except as otherwise stated herein, Fairchild alone shall have authority to negotiate a settlement or any other agreements with POWI that involve or include a license or grant of immunity under the Patents, including the right to compel Intersil to grant POWI an unlimited, non-exclusive license under the Patents, as Fairchild deems appropriate in accordance with this PLA. Any license to the Patents granted to POWI by Fairchild or otherwise hereunder will be a non-exclusive license without rights to sub-license, with any have made or make rights limited to products seventy-five percent (75%) of which was designed by POWI or sold exclusively under a POWI brand. Notwithstanding anything herein, any license grant to POWI shall expressly state that for any product that is licensed solely because it is sold exclusively under a POWI brand, that the corresponding license shall only be granted to POWI and shall not extend to its suppliers who shall receive no benefits under such a license.

3.4    Intersil agrees, except as otherwise stated herein, that Fairchild and its counsel shall be solely in charge of the strategy and the conduct of any dispute involving POWI and the Patents, that Fairchild shall consult with Intersil and its counsel, but that final decisions shall rest solely with Fairchild.

3.5    The right to license the Patents and/or compel Intersil to grant POWI an unlimited, non-exclusive license to the Patents is expressly conditioned upon Intersil being granted a license to all POWI patents and intellectual property to which Fairchild may be granted rights in a manner and to an extent co-extensive with the rights granted by POWI to Fairchild, including any additional rights granted to Fairchild by POWI within one year of the grant of any rights by Intersil to POWI.

3.6    Intersil will not license or assign any rights under the Patents to POWI without the prior consent of Fairchild. Any such attempt shall be null and void *ab initio*. Any license or assignment of rights by Intersil under the Patents to any third party, licensee or foundry executed after the effective date of this PLA shall be subject to the terms and conditions of this PLA and the APA and shall expressly exclude from its scope any rights to the Patents in favor of POWI and shall prevent such party from sub-licensing, assigning or otherwise granting any rights or protection under the Patents to POWI.

4.    **Representations and Warranties**

4.1    Intersil represent and warrants as follows:

- 3 -

A.     Intersil has the authority to enter into this PLA and to convey the rights conveyed herein, and that the execution and performance of this PLA does not conflict with Intersil's certificate of incorporation, by-laws or contract obligations.

B.     Intersil is the sole owner of the Patents, the Patents have been and will be maintained, and that all inventors of the inventions claimed in the Patents have assigned title and ownership of the inventions to Intersil.

C.                      **REDACTED**

4.2

A.                      **REDACTED**

B.                      **REDACTED**

C.                      **REDACTED**

5.     **Confidentiality**

The terms and conditions of this PLA, all communications, discussions and correspondence relating to this PLA, and all actions taken in performance of the PLA, shall be "Common Interest Information" covered by the Joint Defense and Confidentiality Agreement between the Parties, dated March 12, 2001, and shall be maintained in strict confidence in accordance with such Joint Defense and Confidentiality Agreement. This PLA amends and supplements the APA, including the Intellectual Property Assignment and License Agreement, and the provisions of the Intellectual Property Assignment and License Agreement, for example Section 26 (Governing Law) and Section 29 (Severability), are hereby incorporated by reference.

The parties have duly executed this Agreement as of the date first above written.

**INTERSIL CORPORATION**

By: _____

Name: _____

Title: _____

**FAIRCHILD SEMICONDUCTOR CORPORATION**

By: _____

Name: Robert J. Conrad

Title: Senior Vice President – Analog Products

- 5 -

The parties have duly executed this Agreement as of the date first above written.

**INTERSIL CORPORATION**

By: _Douglas A. Balog_

Name: _DOUGLAS A. BALOG_

Title: _ASST. SECRETARY_

**FAIRCHILD SEMICONDUCTOR CORPORATION**

By: _____

Name: Robert J. Conrad

Title: Senior Vice President – Analog Products

- 5 -